IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL MOORE,<br>904 Senator Road<br>East Norriton, PA 19403,<br>    Plaintiff,<br>  vs.<br><br>RECOVERY SOLUTIONS GROUP LLC<br>1008 Mattlind Way<br>Milford, DE 19963,<br><br>KATHY BLACKWELL<br>1008 Mattlind Way<br>Milford, DE 19963,<br>    Defendants. | CIVIL ACTION<br><br><br><br><br>NO. |

## **COMPLAINT**

**I.   INTRODUCTION**

1. This is a consumer protection action for damages brought pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 ("FDCPA").

2. Defendants—both debt collectors—sent collection letters to Plaintiff that contain a litany of false, deceptive, and misleading representations and threats, including the improper legal threat by a non-attorney to "exceris[e] our client's legal right to enforce payment" of an alleged debt consisting of only $331.51.

3. Defendants' deceptive debt collection communications violate the FDCPA.

**II.   JURISDICTION**

4. Jurisdiction arises under the FDCPA, 15 U.S.C. § 1692k, and 28 U.S.C. § 1331.

5. *In personam* jurisdiction exists and venue is proper, as Defendants sent the offending debt collection communications in this district, and Plaintiff is situated in and suffered harm in this district.

**III.  PARTIES**

6. Plaintiff Michael Moore is a consumer who resides in East Norriton, Pennsylvania at the address captioned above.

7. Defendant Recovery Solutions Group is a nationwide debt collector with a principal place of business at the address captioned.

8. Defendant Kathy Blackwell debt collector with a principal place of business at the address captioned.

9. Defendants regularly engage in the collection of consumer debts using the mails and telephone or purchases consumer debt after default for the purposes of collection.

10. Defendants use the instrumentalities of interstate commerce and the mails in a business the principal purpose of which is the collection of debts.

11. Defendants are each a "debt collector" as that term is contemplated in the FDCPA, 15 U.S.C. § 1692a(6).

**IV.  STATEMENT OF CLAIM**

12. Plaintiff Michael Moore moved to a new home in Spring 2020. Unfortunately, the basement of Mr. Moore's home was flooded, resulting in water damage.

13. The insurance company hired a company called Rytech, Inc. to provide water damage remediation services.

14. Rytech's remediation was inadequate. Although Rytech promised they would remove the carpeting from the stairs to the basement, they did not do so.

15. On information and belief, the insurance company paid most, but not all, of Rytech's bill, resulting in an obligation of $333.51 allegedly owed by Mr. Moore.

16. Rytech eventually hired RSG, a debt collector, to collect the $333.51 from Mr. Moore.

17. On September 14, 2020, Defendants RSG and Blackwell sent Plaintiff a written communication in connection with a consumer debt allegedly owed to Rytech, Inc. This communication, attached as Exhibit "A," is referred to as the "9/14 Letter." The 9/14 Letter is in the name of both "Recovery Solutions Group, LLC" and "Recovery Specialist" Kathy Blackwell.

18. The 9/14 Letter is rife with false, deceptive, and misleading statements and improper threats, and fails to contain a validation notice.

19. The 9/14 Letter states that it serves as "formal notice" of Defendants' "Pre-Litigation Investigation against your company[.]" (Ex. "A".)

20. The 9/14 Letter threatens to investigate Plaintiff and his "company" to "identify a source of repayment to liquidate the claim referenced above," stating that the investigation may include contacting "your business banking, primary lenders, mortgage or lien holders, [and] leasing entities" and notifying them "of this action." (Ex. "A".)

21. The 9/14 Letter threatens contact and notify "[a]ll County, State and Federal authorities," "[a]ny insurance or bonding entities which insure or bond you," and "[a]ll City, County, State or Federal tax authorities" about "this action." (Ex. "A".)

22. The 9/14 Letter also demands that Plaintiff "immediately" call Defendants "to discuss an amicable resolution prior to exercising our client's legal right to enforce payment for the balance in full, in addition to any and all applicable fees/costs." (Ex. "A".)

23. Three days later, on September 17, 2020, Defendants sent Plaintiff another written communication in connection with the same alleged Rytech debt. This communication, attached

as Exhibit "B," is referred to as the "9/17 Letter."  Like the 9/14 Letter, the 9/17 Letter is in the name of Recovery Solutions Group, LLC and "Recovery Specialist" Kathy Blackwell.

24. The 9/17 Letter again demands that Plaintiff "immediately" call Defendants "so that arrangements may be made and any potential further action may be stopped." (Ex. "B".)

25. Section 1692g(a) of the FDCPA requires a debt collector to provide a consumer with a Validation Notice containing information about the alleged debt and a consumer's rights as more specifically set forth in subsections (a)(1)-(5).

26. This Validation Notice is an important statutory right, which must be provided fully and clearly to a consumer within five days of the initial communication.

27. The Validation Notice must be adequately conveyed.  It cannot be obscured, overshadowed, nor contradicted by other language or notices in the letter.

28. The 9/14 Letter does not contain a Validation Notice.

29. In the 9/17 Letter, Defendants placed a notice at the bottom of the letter, depicted as follows:

> Unless this account or any portion thereof is disputed within 30 days from receipt of this notice, we will assume this debt to be valid. If you dispute this debt or any portion thereof within the 30-day period, we will furnish at your written request, a verification of this debt. This is an attempt to collect a debt. Any information obtained will be used for that purpose.

30. The notice in Defendants' 9/17 Letter is overshadowed and contradicted by other language in the letter, and by the 9/14 Letter, such as the improper threats to contact banks, governments, insurance companies, etc., the demands to call "immediately" to make payment arrangements "prior to exercising our client's legal right to enforce payment" so that "potential further action may be stopped."

## COUNT I – FAIR DEBT COLLECTION PRACTICES ACT

31. Plaintiff repeats the allegations set forth above as if the same were set forth at length herein.

32. Defendants' collection communications violate the FDCPA's provisions prohibiting debt collectors from:

    a. Using "any false, deceptive, or misleading representation or means in connection with the collection of any debt," 15 U.S.C. § 1692e;

    b. Using "any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer," 15 U.S.C. § 1692e(10);

    c. Threatening "to take any action that cannot legally be taken or that is not intended to be taken," 15 U.S.C. § 1692e(5);

    d. Falsely representing or implying "that any individual is an attorney or that any communication is from an attorney, 15 U.S.C. § 1692e(3);

33. Defendants violated the FDCPA by sending collection letters to Plaintiff that overshadow and contradict the mandatory Validation Notice required by 15 U.S.C. § 1692g.

**WHEREFORE**, Plaintiff Michael Moore demands judgment against Defendants for:

    (a)    Damages;

    (b)    Attorney's fees and costs; and

    (c)    Such other and further relief as the Court shall deem just and proper.

**V.     DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury as to all issues so triable.

                                          Respectfully submitted:

Date:  1/26/21                                 */s/ Jody T. López-Jacobs*
                                                 CARY L. FLITTER
                                                 ANDREW M. MILZ
                                                 JODY LOPEZ-JACOBS
                                                 **FLITTER MILZ, PC**
                                                 450 N. Narberth Avenue, Suite 101
                                                 Narberth, PA  19072
                                                 (610) 822-0782
                                                 *Attorneys for Plaintiff*